CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena<br><br>Internet subscribers of Cox Communications, LLC and CoxCom LLC | **Case No.:** 1:23-mc-263-JMS-WRP<br>(Copyright)<br><br>**MEMORANDUM IN IN OPPOSITION TO MOTION TO QUASH** |

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH [DOC. #4]**

**I.      BACKGROUND**

Petitioners Voltage Holdings, LLC, Millennium Funding, Inc., and Capstone Studios Corp. (hereafter: "Petitioners") are the owners of copyright protected motion pictures *After Ever Happy*, *The Protégé* and *Fall*. See Ex. "1" [Docs. #1-2]. John Doe at IP Address: 50.159.108.38 ("Doe") is an Internet subscriber whose Internet service was used to share copies of the motion picture *Fall* via the peer-to-

peer protocol BitTorrent. *See* Id. Petitioners served a subpoena on Cox to obtain the identities of Cox subscribers whose service was used to share pirated copies of their motion pictures in violation of their exclusive rights.

As these subscribers anonymously used the Internet to commit infringement, Petitioners only know their Internet Protocol ("IP") addresses, the time of the infringements and that the IP addresses were assigned by their Internet Service Provider ("ISP") Cox. *See* Ex. "1" [Doc. #1-2]

Cox notified their Internet Subscribers prior to disclosing the identification information to Petitioners' counsel to give them an opportunity to file any motions in this Court contesting the subpoena. Doe submitted a letter [Doc. #4] objecting to the subpoena. The Court construed the letter as a motion to quash. *See* Order [Doc. #5].

## II.    ARGUMENT

### A.    Doe has not asserted a legal basis for quashing the subpoena.

Doe fails to assert any legal basis for quashing the subpoena beyond a naked objection. Moreover, Doe concedes that someone may have used his Internet service to share copies of Petitioners' Work. *See* Doc. #4 ("This mistake was allowing everyone in our neighborhood to use our internet"). Courts have noted that mere objections to having personal information disclosed such as Doe's objection are not sufficient basis for quashing a subpoena. *See After II Movie, LLC*

20-023Ga

*v. Grande Communications Networks LLC*, Case 1:21-cv-00709-RP, Dkt. 99 (W.D. Tex. April 26, 2023) (citing *After II Movie, LLC v. WideOpenWest Finance, LLC*, No. 21-CV-1901, Dkt. 126 (D. Colo. Dec. 15, 2022))(attached as Exhibit "1".)

  **B. There is no undue burden or expense to Defendant Doe to comply with the Subpoena.**

  Notwithstanding Doe failing to assert a legal basis for quashing the subpoena, Plaintiff respectfully asserts that the subpoena served on Cox fully complies with Rule 45 of the Federal Rules of Civil Procedure.

  Rule 45(d)(1) requires an attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(1). Cox has not objected to the subpoena per Rule 45(d)(2)(B). There is no expense required of Doe to comply with the subpoena at issue. Further, Doe has not asserted a recognized undue burden.

  Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). The subpoena does not require disclosure of privileged or other protected matter. It should be noted that Doe does not have a recognized privacy interest in his/her IP address. The Ninth Circuit has consistently held that a person

has no legitimate expectation of privacy in information they voluntarily turn over to third parties. For example, in the Fourth Amendment context, in *United States v. Forrester*, the Ninth Circuit allowed the warrantless collection of email and IP address because email and IP addresses "constitute addressing information and do not necessarily reveal any more about the underlying contents of communication than do phone numbers." *See United States v. Forrester,* 512 F.3d at 500, 510 (9th Cir. 2008).

### III. SERVICE

In the Order [Doc. #5], the Court ordered Petitioners to serve Doe with a copy of the Order and this Memorandum of Opposition. However, Petitioners do not know Doe's address. Accordingly, Petitioners are serving Doe pursuant to Rule 5(b)(2)(D) by mailing these documents to the Clerk of the Court.

### IV. CONCLUSION

For the foregoing reasons, the Petitioners request that this Court issue an order denying Doe's Motion to Quash and ordering Cox to disclose the identification information of Doe as requested in the subpoena.

DATED: Kailua-Kona, Hawaii, May 29, 2023.

20-023Ga

CULPEPPER IP, LLLC


 /s/ Kerry S. Culpepper 
Kerry S. Culpepper
Attorney for Petitioners

20-023Ga