CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena<br><br>Internet subscribers of Cox Communications, LLC and CoxCom LLC | **Case No.:** 1:23-mc-263-JMS-WRP<br>(Copyright)<br><br>PETITIONERS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT JOHN DOE'S MOTION TO QUASH 512(h) SUBPOENA; MEMORANDUM IN SUPPORT OF OBJECTION; EXHIBIT "1"; CERTIFICATE OF SERVICE |

**PETITIONERS' OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT JOHN DOES' MOTION TO <u>QUASH</u>**

Petitioners Voltage Holdings, LLC, Millennium Funding, Inc., and Capstone Studios Corp. (hereafter: "Petitioners"), by and through their attorney, Kerry S. Culpepper, hereby submit their Written Objections to Magistrate Wes Reber Porter's

20-023Ga

Findings And Recommendation ("F&R") [Doc. #8] granting the motion to quash of John Doe ("Doe") pursuant to 28 U.S.C. § 636(b)(1) (c), Rule 72(b) of the Federal Rules of Civil Procedure ("FRCP") and Rule 74.1(a) of the Local Rules of Practice ("LR").

**I.      Designation of portions of the Order to which Petitioners are Objecting**

Petitioners object to the F&R's conclusion "…Cox's role in disseminating the allegedly copyrighted material is confined to acting as a mere "conduit" in the transfer of files through its network including the files at issue in this case."  F&R at p.3.

Petitioners object to the F&R's conclusion that the subpoena was not valid because "subpart 512(c)(3)(A)(iii) required Petitioners to identify in their 512(c)(3)(A) notice to Cox the infringing material that could be removed or access to which can be disabled, which Petitioners could not do because Cox's role in the alleged infringement was limited to providing the internet service that connected P2P subscribers utilizing a BitTorrent protocol to allegedly download and share movies between their personal computers; there was nothing stored on Cox's servers to be taken down."  F&R at p.14

Petitioners object to the F&R's conclusions that "when the infringement complained of is done through P2P file sharing such as through a BitTorrent

20-023Ga

protocol, the ISP can neither "remove" nor "disable access to" the infringing material because that material is not stored on the ISP's servers." F&R at p.8

Petitioners object to all the F&R's factual conclusions that were not based upon any briefings of Doe or Petitioners.

Petitioners object to the F&R's conclusion "…that Petitioners be ordered to return and/or destroy any information obtained from the Subpoena, to maintain no further record of the information from the Subpoena, and to make no further use of the subscriber data obtained from the Subpoena." F&R at pp. 15-16.

## II.     Bases of Petitioners' Objections

As explained more fully in the Memorandum, the F&R's technical "facts" are fundamentally unsound, not based upon any briefing in this case and defy common network technical principles of IP addresses that were used to identify the locations of infringing material. Further, the legal conclusions of the F&R fail to consider two decades of development in technology and case law since *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1232 (D.C. Cir. 2003). Indeed, absolutely none of the legal and technical analysis in the F&R was raised by the Petitioners or Doe. Neither were any arguments questioning the validity of the subpoena raised by Doe. The F&R flawed technical reason illustrates the wisdom of the Supreme Court's statement in *Wood v. Milyard* that "a federal court does not have carte blanche to depart from the principle of party presentation basic to our

adversary system". *Wood v. Milyard*, 566 U.S. 463, 472, 132 S. Ct. 1826, 1833 (2012).

DATED: Kailua-Kona, Hawaii, September 11, 2023.

                        CULPEPPER IP, LLLC


                        <u>/s/ Kerry S. Culpepper</u>
                        Kerry S. Culpepper
                        Attorney for Petitioners