CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena | **Case No.:** 1:23-mc-263-JMS-WRP (Copyright) |
| Internet subscribers of Cox Communications, LLC and CoxCom LLC | PETITIONERS' REPLY IN SUPPORT OF OBJECTIONS; CERTIFICATE OF SERVICE |

**PETITIONERS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
<u>GRANT JOHN DOES' MOTION TO QUASH</u>**

Pursuant to the Court's order [Doc. #23] of Oct. 2, 2023, Doc. #23, Petitioners

file their Reply to the Response [Doc. #18] of Cox.

**I.      Introduction.**

20-023Ga

Cox states that Petitioners' first objection to the F&R is that "Cox acted as a "conduit" in the transfer…"  Response at p.4.  However, Petitioners objection is to the F&R's incorrect conclusion that Cox is *merely* a conduit.  Cox does not dispute Petitioners' assertion that it provides additional services to its subscribers besides the conduit features described in 17 U.S.C. §512(a) such as providing IP addresses for subscribers and hotspot routers for public WiFi in subscriber homes.  Cox does not dispute Petitioners' assertion that Cox can null route IP addresses where infringing activity is ongoing to stop the infringement.

Cox does not dispute Petitioners' assertion that the F&R failed to consider 17 U.S.C. §512(d)'s information location tools when analyzing whether the notification to Cox complied with §512(c)(3)(A) to determine validity of the subpoena.

Cox does not refute Petitioners' argument that this Court should adopt the reasoning of Judge Murphy's dissent in *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 781 (8th Cir. 2005) with respect to the *separate* issue of whether a DMCA subpoena can be issued to conduit providers.

Cox also does not refute Petitioners' argument that the F&R's conclusion that Petitioners be ordered to destroy all materials received in response to the subpoena is an extreme remedy not requested by any of the parties that would prevent

2

20-023Ga

Petitioners from taking legal action against piracy websites used by Cox's subscribers[1].

Ultimately, the main dispute between Petitioners and Cox is whether the IP addresses Cox provides to its subscribers are information location tools. However, in view of Cox's acknowledgement that the IP address it provides to its subscribers specifies an online location, response at pp. 6-7, the Court should answer this question in Petitioners' favor because the IP addresses provided by Cox refer to (and are) the "online location containing infringing material or infringing activity" as provided in §512(d) and Cox connects P2P users to this online location.

## II.    The information location tool provision of §512(d) applies to Cox.

Because Cox provides information locations tools (IP addresses) and refers or links P2P users to these online locations, the underlying notification sent to Cox, and thus the DMCA subpoena itself were valid. §512(d) limits liability:

> "…for infringement of copyright by reason of the provider *referring or linking* users *to an online location containing infringing material or infringing activity*, by using *information location tools*, including a directory, index, reference, pointer, or hypertext link…" (emphasis added)

### A.  The IP addresses provided by Cox are online locations.

---

1 Example websites disclosed by Cox's subscribers include "watchmovierulz" and "piratebay".

Cox does not dispute that the IP addresses Cox provide specify online locations. *See* Response at pp. 6-7 (citing Petitioners brief where they state that IP addresses are online locations).

### B.  The online locations contained infringing material or activity.

Cox does not refute Petitioners arguments that the notification shown in Ex. "2" [Doc. #1-3] to the Application specified IP address 70.161.172.138 as the location of infringing material or activity.   It should be noted that §512(d) does not require that the online location be different from the information location tool (directory, index, reference, pointer or hypertext link).   Cox's IP address 70.161.172.138 can be the online location and the information location tool.  Even concluding that the infringing files reside on Cox's subscribers' computers, the *infringing material or infringing activity* is online by Cox's IP address.

### C.  Cox refers or links users to the online location.

Cox argues that the F&R recognizes that "linking or referring" to an IP address is done by the providers and users of the P2P system rather than Cox.  *See id.* at p.7.  Not true.  The F&R states that "Cox merely provides the internet that connects two users so that they are able to exchange allegedly infringing material on their personal computers."  F&R at p.4.  To be clear, Petitioners disagree with the F&R's implication that connecting is *the only* service Cox provides.  However, even the F&R recognizes the common sense conclusion that Cox *connects* the two users.

20-023Ga

'Link' and 'connect' are synonyms. *See link*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/link (last accessed on Oct. 9, 2023), *link* (defining link as to couple or connect), *Merriam-Webster Thesaurus*, https://www.merriam-webster.com/thesaurus/link (last accessed on Oct. 9, 2023) (indicating connect as synonym to link).

   And Cox concedes that it transmits data through its system at the direction of third party users per §512(a). *See* Response at p.7.   Petitioners do not believe that any Court has imparted the volitional conduct requirement to the linking §512(d). Accordingly, Cox is linking the users to the online location when it transmits the data.

### D.   The IP addresses Cox provides are information tools.

   Cox's argument that the IP address is not an information location tool defies common English language and basic network fundamentals.  Petitioners dispose of this argument with a simple example.  As of Oct. 8, 2023, this Court's website www.hid.uscourts.gov is located at IP address 199.107.17.79.

20-023Ga



By entering the information location tool 199.107.17.79 in a website browser,

a user can visit this Court's website (locate this Court's website information).

*(screenshot showing Court website accessible by 199.107.17.79)*

6

20-023Ga

Accordingly, the IP address is more than just a street address as argued by Cox.  As shown by the screenshot above, the IP address is the link to this Court's website.  Of course, the more common manner for accessing this Court's website is by entering the hypertext markup link (HTML) www.hid.uscourts.gov.  But as shown above, there is no practical difference because both locate the same information (this Court's website).  And §512(d) explicitly includes "hypertext link" as an example of an information location tool.

Cox attempts to argue against applicability of §512(d) by pointing out that it does not store the transferred files or P2P files on its servers.  Response at p.7.  But in the context of §512(d), it is irrelevant whether the infringing activity or material is taking place or stored on Cox's servers.  The issue is whether Cox provides the *information location tool*.  It is undisputed that Cox provides the IP addresses.  Accordingly, the information locations tool of §512(d) applies to Cox.

**III.   Caselaw and technology have changed in the 20 years since the DC Circuit's Verizon decision.**

Cox characterizes Petitioners' argument that the case law has developed in the last few decades as "puzzling".  Response at p.8.  However, Cox's own argument in its previous paragraph that Petitioners could use a John Doe lawsuit to obtain the subscriber information solves Cox's puzzle.  Per the Ninth Circuit's decision of *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018), a John Doe

20-023Ga

lawsuit complaint must allege "something more to create a reasonable inference that a subscriber is also an infringer".  Accordingly, Petitioners cannot file a John Doe lawsuit and request early discovery in the Ninth Circuit unless they can allege "something more" consistent with Rule 11.  John Doe's objection asserting that "our internet service was open for anyone to use", Doc. #4, illustrates the conundrum in going forward with a John Doe lawsuit after *Cobbler*[2].  On the other hand, one cannot argue with the results obtained from the DMCA subpoena at issue.  In response to the notification, John Doe took the necessary steps ("added a password") to stop the infringing activity at the IP address provided by Cox.  *See id.*  Cox does not dispute that this type of WiFi service for "allowing everyone in [Doe's] neighborhood to use…" was not feasible two decades ago[3].  Indeed, *Cobbler* recognizes this exact point. *See Cobbler Nev., LLC*, 901 F.3d at 1149 (rejecting a theory that would make a subscriber liable for not being "technologically savvy enough to secure the connection to block access by a frugal neighbor").  In view of the change in technology and caselaw, the Court should not automatically adopt the reasoning of nearly two decades ago in *Verizon* and *In re Charter*.

## IV.    Cox has no standing to contest the subpoena or respond to the F&R.

2 This Court should note that John Doe lawsuits filed by undersigned since *Cobbler* alleged something more such as that Doe registered for an account with a notorious piracy website.  *See, e.g., Fallen Productions, Inc. et al. v. DOE*, 1:20-cv-33, D.Haw., Doc. 1.

3 It is likely feasible that the WiFi at issue is Cox's public hotspot that it installs in customers' home as shown in Doc. #10-2.  Cox cannot argue that if the infringing material was cached or stored in Cox's public WiFi hotspot router installed at John Doe's home, other provisions such as §512(b)-(c) are applicable.

20-023Ga

Cox does not dispute Petitioners' argument that Cox made no objections to the DMCA subpoena.  Accordingly, Cox waived the right to make any objections against the validity of the subpoena.  *See McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).  Cox's failure to join Doe's motion to quash or file any brief arguing in support of Doe's motion to quash or that the subpoena was invalid further underscores this point.

## V.    Conclusion.

Cox's concession in its response that the IP address specifies the online locations eliminates any dispute on the issue of whether it provides information location tools.  Accordingly, Petitioners respectfully request that the Court sustain their objections, reject the F&R and overrule Doe's objection to the subpoena.  At the least, the dispute between Cox and Petitioners on this issue illustrates Petitioners' point that it was erroneous for the F&R to make a conclusion on this technical issue based upon papers outside the adversary process and without even considering the applicability of §512(d).  Alternatively, Petitioners request that the Court only partially quash the subpoena with respect to Doe's identification information so that Petitioners can proceed with legal relief against infringers of their Works discovered in response to the subpoena.


DATED: Kailua-Kona, Hawaii, October 9, 2023.

9

20-023Ga

CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Petitioners

20-023Ga