IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>SUBPOENA OF INTERNET SUBSCRIBERS OF COX COMMUNICATIONS, LLC AND COXCOM LLC. | CIV. NO. 23-00426 JMS-WRP<br><br>ORDER REQUESTING SUPPLEMENTAL EVIDENCE |

## <u>ORDER REQUESTING SUPPLEMENTAL EVIDENCE</u>

Presently before the court are Objections by Petitioners Voltage Holdings, LLC; Millennium Funding, Inc.; and Capstone Studios Corp. (collectively "Petitioners") to a Magistrate Judge's Findings and Recommendation to Grant John Doe's Motion to Quash 512(h) Subpoena ("F&R"). ECF No. 10.

Among other objections, Petitioners take issue with the F&R's factual finding that "Cox's role in disseminating the allegedly copyrighted material is confined to acting as a mere 'conduit' in the transfer of files through its network . . . ." ECF No. 8 at PageID.45. The F&R's rationale for that finding was not based on evidence, but was an "appear[ance] from other cases and the circumstances of this case." *Id.* Petitioners argue that the Magistrate Judge made

such a finding even though "[n]obody argued or submitted any evidence asserting Cox is a mere conduit provider." ECF No. 10-1 at PageID.66.  Petitioners then ask the court to make a factual finding that the internet protocol ("IP") addresses provided by Cox constitute "information location tools" within the meaning of 17 U.S.C. § 512(d).  *See* ECF No. 10-1 at PageID.68–70.  And CoxCom LLC's Response to the Objections takes issue with Petitioners' proposed factual finding that Cox's IP addresses are § 512(d) information location tools, and argues that in any event Petitioners' position "does not withstand scrutiny."  ECF No. 18 at PageID.108.

Such a factual finding—that Cox acts as a "mere conduit" in transferring files through its network—is potentially important.  If the court follows the prevailing precedent discussed in *Recording Industry Association of America v. Verizon Internet Services*, 351 F.3d 1229, 1233–36 (D.C. Cir. 2003) and *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 777 (8th Cir. 2005), then a finding that Cox in this instance fits within 17 U.S.C. § 512(a) as a provider that "transmit[s], route[s], or provide[s] connections for material" (i.e., acts as a "mere conduit") would mean that Petitioner's 512(h) subpoena is invalid—and the court would then overrule that objection and adopt the F&R.  But a finding that Cox falls within 17 U.S.C. § 512(b), (c), or (d) would

2

mean that the 512(h) subpoena is proper.  *See, e.g.*, *In re Subpoena to Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 952–54 (M.D.N.C. 2005).

Accordingly, so that the court may address Petitioners' Objections to the F&R on a full record, the court requests that CoxCom, LLC file with the court appropriate evidentiary proof that it is—or is not—an internet service provider under 17 U.S.C. § 512(a) for purposes of the subpoena issued in this matter.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (allowing district judge to receive further evidence in resolving objection to F&R).  A declaration by an appropriate corporate representative with personal knowledge of the relevant statutory factors would appear to be sufficient.  Such a declaration or other evidence is due by **November 22, 2023**.  Petitioners may file a response to CoxCom, LLC's submission by **December 6, 2023**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 8, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In re: Subpoena of Internet Subscribers of Cox Communications, LLC and CoxCom, LLC*, Civ. No. 23-00426 JMS-WRP, Order Requesting Supplemental Evidence