CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:     kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena<br><br>Internet subscribers of Cox Communications, LLC and CoxCom LLC | Case No.: 1:23-cv-00426-JMS-WRP<br>(Copyright)<br><br>PETITIONERS' RESPONSE TO DECLARATION OF AMBER HALL; CERTIFICATE OF SERVICE |

**PETITIONERS' RESPONSE TO DECLARATION OF AMBER HALL**

Cox failed to "file appropriate evidentiary proof that it is…an internet service provider under 17 U.S.C. § 512(a)…" as ordered by the Court.  Order [Doc. #26], p.3.  Rather, Cox merely submitted a three-page declaration of Amber Hall ("Ms. Hall") replete with legal conclusions and devoid of any facts besides her job title and the relationship between Cox Communications, Inc. and CGI Corporate Services,

LLC.  As shown below, paragraph 4 of Ms. Hall's declaration merely parrots the language of 17 U.S.C. § 512(a):

| Paragraph 4 of Decl. of Amber Hall [Doc. #29] | §512(a) excerpt |
|---|---|
| Cox, as an Internet service provider, is engaged in transmitting, routing, or providing connections for, material through its system and network only under the following conditions, and does not engage in any intermediate or transient storage of such material except under the following conditions:<br><br>(1) the transmission of the material was initiated by or at the direction of a person other than Cox;<br>(2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by Cox;<br>(3) Cox does not select the recipients of the material except as an automatic response to the request of another person;<br>(4) no copy of the material made by Cox in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of | A service provider … transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections, if—<br>(1) the transmission of the material was initiated by or at the direction of a person other than the service provider;<br>(2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;<br>(3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;<br>(4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for |

20-023Ga

| | |
|---|---|
| connections; and<br>(5) the material is transmitted through the system or network without modification of its content. | the transmission, routing, or provision of connections; and<br>(5) the material is transmitted through the system or network without modification of its content. |

Ms. Hall's declaration is devoid of *any* facts supporting a conclusion that Cox is a conduit provider per §512(a). For example, Ms. Hall does not describe how long Cox maintains copies of material – a key factor for determining whether Cox maintained a copy for a period not longer than reasonably necessary for the transmission, routing, or provision of connections in compliance with §512(a)(4). *See Ellison v. Robertson*, 357 F.3d 1072, 1081 (9th Cir. 2004) (affirming District Court's conclusion that the limited period of days AOL stored infringing material satisfied § 512(a)). Ms. Hall also fails to provide any facts reconciling her declaration that "(5) the material is transmitted through the system or network without modification of its content", Decl. of Hall at ¶4, with Cox's public disclosures that it scans incoming email traffic to filter out spam and blocks access to certain websites with her statement that. *See* "Your Privacy Rights as a COX Customer and Related Information Notice to Cox Residential Customers - Email and Online Communications"*,* June 15, 2023, https://www.cox.com/aboutus/policies/annual-privacy-notice.html#security [last accessed on 12/4/2023] ("we generally scan incoming and outgoing email traffic

electronically to identify and filter likely spam and malicious email..."); *see also* Cox Internet Service Disclosures - C. Network Practices, Aug. 11, 2023, https://www.cox.com/aboutus/policies/internet-service-disclosures.html [last accessed on 12/4/2023] (Cox describes blocking of botnets, viruses, phishing sites, malware, and certain ports). Even one of the only two facts Ms. Hall does disclose, that she is employed as Chief Compliance and Privacy Officer, fails to establish any foundation for her legal conclusion. This type of position (in comparison to Chief Technology or Information Officer) does not imply the level of detailed understanding of the technical workings of data packet flow through Cox's network supportive of her legal conclusions. Ms. Hall's declaration is an example of "[c]onclusory affidavits that do not affirmatively show personal knowledge of specific facts" that the Ninth Circuit has deemed "insufficient". *Shakur v. Schriro*, 514 F.3d 878, 889-90 (9th Cir. 2008) (Ninth Circuit criticized District Court's reliance on affidavit of employee commenting on different area from which she specialized ("Pastoral Administrator rather than an official specializing in food service or procurement")). Accordingly, Cox has failed to provide any evidentiary proof that it is a conduit per § 512(a)).

Ms. Hall's declaration also violates L.R. 7.5, which requires that "Affidavits and declarations shall contain only facts, shall conform to the requirements of Fed. R. Civ. P. 56(c)(4) and 28 U.S.C. § 1746, and shall avoid conclusions and argument."

The only facts in Ms. Hall's declaration are the relationship between Cox Communications, Inc. and CGI Corporate Services, LLC and her job title. Courts routinely refuse to consider legal conclusions in declarations such as Ms. Hall's. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 n.2 (9th Cir. 2009) (rejecting declaration that contained only mere legal conclusions); *Turner v. Haw. First, Inc.*, 903 F. Supp. 2d 1037, 1048 n.11 (D. Haw. 2012) ("Mr. Turner's declaration also includes repeated legal and factual conclusions…The Court is not obliged to credit these conclusory statements, and does not do so."); *United States v. Novelli*, 381 F. Supp. 2d 1125, 1131 (C.D. Cal. 2005) ("To the extent that any of the contents of these declarations are legal conclusions, they will not be considered by the Court"); *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1131 (S.D. Cal. 2022) ("the Court has considered the admissible factual evidence but disregarded the improper legal conclusions…"). Accordingly, Petitioners respectfully request the Court to not consider enumerated paragraph 4 of Ms. Hall's declaration that are mere legal conclusions.

Assuming *arguendo* that the Court considers the legal conclusions in Ms. Hall's declaration, Petitioners point out that Cox failed to provide evidence refuting Petitioners' arguments that Cox provides additional services to its subscribers besides the conduit features described in §512(a) such as providing IP addresses for

subscribers and hotspot routers for public WiFi in subscriber homes. Petitioners maintain the other arguments in their objections [Doc. #10] to the F&R.

**Conclusion**

Cox's declaration of Ms. Hall fails to provide evidence that it is a conduit pursuant to §512(a). Accordingly, Petitioners respectfully request that the Court sustain their objections, reject the F&R and overrule Doe's objection to the subpoena. Alternatively, Petitioners request that the Court only partially quash the subpoena with respect to Doe's identification information so that Petitioners can proceed with legal relief against infringers of their Works discovered in response to the subpoena.

DATED: Kailua-Kona, Hawaii, December 5, 2023.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Petitioners

20-023Ga