CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena | Case No.: 1:23-cv-00426-JMS-WRP (Copyright) |
| Internet subscribers of Cox Communications, LLC and CoxCom LLC | MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

**I. INTRODUCTION**

On May 29, 2023 Petitioners filed an opposition to a motion to quash the subpoena by anonymous Cox subscriber John Doe. *See* Doc. #6. On Aug. 31, 2023, the Magistrate Judge issued a Finding and Recommendation ("F&R") that the

20-023Ga

subpoena be quashed. *See* Doc. #8. Petitioners filed objections to the F&R. *See* Doc. #10.

On Jan. 30, 2024, this Honorable Court issued an Order overruling the Petitioners' objections that states: "No later than one week after the date of this Order, Petitioners are ordered to return and/or destroy any information derived from the Subpoena, to maintain no further record of the information obtained the Subpoena, and to make no further use of the subscriber data obtained from the Subpoena". Doc. #31, PageID173.

Petitioners intend to appeal the Order. However, to maintain the status quo, Petitioners respectfully request that the portion of the Order requiring them "to return and/or destroy any information derived from the Subpoena, to maintain no further record of the information obtained the Subpoena" be stayed pending appeal.

If the Court denies a stay pending appeal, Petitioners request in the alternative that this Court grant an administrative or temporary stay pending proceedings associated with a motion for stay pending appeal to be filed in the Ninth Circuit.

## II. ARGUMENT

"While an appeal is pending from an interlocutory order or final judgment that grants... an injunction, the court may suspend... [the] injunction on terms that... secure the opposing party's rights." Fed. R. Civ. P. Rule 62(d). The Court's Order is effectively an injunction because it not only quashes the subpoena, but orders

2

20-023Ga

Petitioners to "to return and/or destroy any information derived from the Subpoena, to maintain no further record of the information obtained the Subpoena." Order [Doc. #31], PageID173.

### A. The Court should grant a stay pending the appeal.

When ruling on a motion to stay an order pending appeal, Courts consider: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). The Ninth Circuit has applied a sliding scale approach in the context of stays of injunctive relief. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

#### 1. There is a strong likelihood that Petitioners will succeed on the merits.

This Honorable Court disagreed with Petitioners' objections to the F&R. However, it is undisputed that the issue of whether an Internet Protocol ("IP") address used for sharing copies of pirated movies is an information location tool as provided in 17 U.S.C. §512(d) is a question of first impression in not only the Ninth Circuit, but the entire nation. Further, the question of whether a service provider that provides IP addresses and modems to subscribers is merely a conduit per 17

3

20-023Ga

U.S.C. §512(a) will be a question of first impression before the Ninth Circuit Court of Appeals. Further, Petitioners respectfully disagree with technical conclusions made in the Order such as equating null-routing an IP address with disabling access to an infringers' account or failing to recognize that blocking certain ports, among other means, would remove or disable access to infringing material. *See* Order, PageID.169. Accordingly, at the least, Petitioners' respectfully assert that their objections satisfy the standard of a "fair prospect", "reasonable probability" or "a substantial case for relief on the merits" set forth in *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) for satisfying this factor.

### 2. Petitioners will be irreparably injured absent a stay.

The Order orders Petitioners to "to return and/or destroy any information derived from the Subpoena, to maintain no further record of the information obtained the Subpoena." Order [Doc. #31], PageID173. Once the materials received are destroyed, Petitioners will not be able to receive them again. *See* Decl. of Counsel, ¶4. Moreover, as pointed out in their Reply, Petitioners were informed of at least one new piracy website where their Works were being pirated from other Cox subscribers. *See* Reply [Doc. #24], PageID125 (FN1). If Petitioners destroy this information, their legal proof for asserting legal relief against the piracy website and the subscriber data will be lost. The issues at hand would be rendered *moot*. Accordingly, the damage will be irreparable.

20-023Ga

***3. Issuance of the Stay will not injure the other parties interested in the proceeding.***

The only truly interested party in this proceeding is John Doe. However, because John Doe timely filed a motion to quash, Cox never turned over her identification information to Petitioners. Cox turned over the identification information to Petitioners. Accordingly, neither John Doe nor Cox can be injured by the stay. Regarding other Cox subscribers who did not object, Petitioners do not seek a stay of the portion of the Order requiring Petitioners "to make no further use of the subscriber data obtained from the Subpoena". Order, PageID173. Therefore, there is no risk of injury to Cox subscribers that did not file objections.

***4. Public Interest in preventing copyright infringement lies in enforcing the stay.***

The public has a compelling interest in protecting copyright owners' marketable rights to their works. *See Eldred v. Ashcroft*, 537 U.S. 186, 212 n.18 (2005) ("[t]he economic philosophy behind the [Copyright] [C]lause...is the conviction that encouragement of individual effort by personal gain is the best way *to advance public welfare* through the talents of authors and inventors" (emphasis added)). Ordering Petitioners to destroy evidence they have gathered against a piracy website will prevent them from protecting the exclusive rights to their Works.

Since all four factors weigh in favor of Petitioners, a stay pending appeal should be granted. Even if this Court decides that the likelihood of success is minimal, the Ninth Circuit applies a sliding scale balancing test and the weight of the other factors should balance out that factor.

***B.  Alternatively, the Court should grant an Administrative or Temporary Stay Pending a Motion for Stay Pending Appeal Filed in the Ninth Circuit***

An administrative stay preserves the status quo until a motion for a stay pending appeal can be considered on the merits. *See Nat'l Urban League v. Ross*, 977 F.3d 698, 701 (9th Cir. 2020) (quoting *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019)).  Petitioners respectfully assert that an administrative stay would maintain the status quo in this case. At least while Petitioners' motion to stay is pending in the Ninth Circuit, an administrative or temporary stay should be put in place to prevent the irreparable harm of the information Petitioners seek being permanently deleted from occurring.

## III. CONCLUSION

Based on the foregoing reasons and authorities, Petitioners respectfully request that the portion of the Order requiring them to return and/or destroy any information derived from the Subpoena within one week after the date of the Order be stayed pending appeal. Alternatively, Petitioners request that this Court grant an

administrative or temporary stay pending proceedings associated with a motion for stay pending appeal filed in the Ninth Circuit.

DATED: Kailua-Kona, Hawaii, Jan. 31, 2024.

                                  CULPEPPER IP, LLLC

                                  /s/ Kerry S. Culpepper
                                  Kerry S. Culpepper
                                  Attorney for Petitioners