## **TABLE OF CONTENTS**

Page(s)

I. Introduction ...................................................................................................1

II. Relevant Procedural and Factual History .....................................................2

III. Argument......................................................................................................3

    A.    The Court has inherent authority to strike the Declaration ..................3

    B.    The Court should exercise its inherent authority to strike the Declaration. ...............................................................................................4

        1. Petitioners rely on the Declaration to support arguments made in their initial Objections and raised again in their Reconsideration Brief ......5

        2. Petitioners' failure to present the Declaration when they filed their Objections precludes its introduction now ...........................................6

IV. Conclusion................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alvarez v. NBTY, Inc.*,
  2020 WL 42767 (S.D. Cal. Jan. 3, 2020) .......................................................... 8, 9

*Aoki v. MobileHelp, LLC*,
  2022 WL 972419 (D. Haw. Mar. 31, 2022) ......................................................... 3

*Davis v. Abercrombie*,
  2014 WL 2468348,n.4 (D. Haw. June 2, 2014) .................................................. 3

*Haw. Stevedores, Inc. v. HT & T Co.*,
  363 F. Supp. 2d 1253 (D. Haw. 2005) ...................................................... 3, 4, 6, 7

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) .............................................................................. 4, 6

*Lakewood Shores Homeowners Ass'n v. Con. Cas.*,
  2019 WL 291661 (W.D. Wash. Jan. 23, 2019) ................................................... 9

*Leong v. Hilton Hotels Corp.*,
  689 F. Supp. 1572 (D. Haw. 1988) ..................................................................... 3

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
  627 F.3d 402 (9th Cir. 2010) ............................................................................... 3

*SmartGene, Inc. v. Advanced Biological Laboratories, SA,*
  915 F. Supp. 2d 69 (D.D.C. 2013) ...................................................................... 9

*Warren v. United States*,
  2021 WL 6500155 (D. Haw. June 7, 2021) .................................................... 4, 6

*White v. Sabatino*,
  424 F. Supp. 2d 1271 (D. Haw. 2006) ................................................................ 3

Statutes

17 U.S.C. § 512(c)(3)(A) ............................................................................................. 5

17 U.S.C. § 512(d) ............................................................................................... 1, 5, 7

17 U.S.C. § 512(h) ....................................................................................................... 2

28 U.S.C. § 1746 .......................................................................................................... 1

§ 512(a) ................................................................................................................... 1, 6

§ 512(a)(5) ................................................................................................................... 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| IN RE: | CASE NO.: 1:23-cv-00426-JMS-WRP |
|---|---|
| SUBPOENA OF INTERNET SUBSCRIBERS OF COX COMMUNICATIONS, LLC AND COXCOM LLC | MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

CoxCom LLC submits this memorandum in support of its motion to strike the Declaration of David Cox (Dkt. No. 35-2), which Petitioners filed in support of their Motion for Reconsideration of Order Overruling Petitioners' Objections and Adopting the Magistrate Judge's Findings and Recommendations (Dkt. No. 35).

**I. Introduction**

Despite ample opportunity to present evidence and arguments supporting their reading of 17 U.S.C. § 512(d), and with an appeal looming, Petitioners now seek to inappropriately pad the record with new (but not newly available) evidence through the guise of a motion for reconsideration.[1] Courts routinely strike evidence offered

---

[1] In addition to being procedurally improper, Mr. Cox's declaration contains numerous instances of improper legal argument under the guise of "factual" statements, even though the statements themselves are facially irrelevant to any issue before the Court. *See, e.g.*, Declaration at ¶ 18 (stating that technology "has advanced in the last 20 years"); *id.* at ¶¶ 29-30 (arguing that Cox is not a "mere" "conduit" and thus disqualified from safe harbor under § 512(a)).

in support of a motion for reconsideration when that evidence could have been submitted before the original decision. Here, because Petitioners could have presented to the Court the evidence in the Declaration before the original decision (Dkt. No. 31, the "Order"), Petitioners' proffered Declaration is improper, and the Court should exercise its inherent authority to strike the Declaration.

## II.   Relevant Procedural and Factual History

This action concerns a subpoena that Petitioners issued to Cox, ostensibly pursuant to 17 U.S.C. § 512(h). Dkt. No. 1 (the "Subpoena"). The Subpoena identified IP addresses of certain Cox subscribers and directed Cox to provide certain subscriber information. *Id.* After one of the subscribers objected, Magistrate Judge Porter recommended that the Subpoena be quashed because it was invalid under § 512(h). Dkt. No. 8 (the "F&R"). Petitioners objected to the F&R under D. Haw. R. 74.1(a). Dkt. No. 10 (the "Objections"). Cox responded, Dkt. No. 18, and Petitioners submitted a reply, Dkt. No. 24 (the "Reply"). In response to the Court's request for supplemental evidence, Cox filed a Declaration from its Chief Compliance and Privacy Officer, Amber Hall. Dkt. No. 29. Petitioners responded to Ms. Hall's declaration. Dkt. No. 30.

After considering the F&R, the parties' briefs, and the record, the Court overruled Petitioners' Objections, adopted the F&R, and quashed the Subpoena. Dkt. No. 31 (the "Order").

Petitioners subsequently filed a motion for reconsideration (Dkt. No. 35, the "Reconsideration Motion"), a supporting memorandum (Dkt. No. 35-1, the "Reconsideration Brief"), and a supporting Declaration of David Cox which also included two exhibits (Dkt. No. 35-2, the "Declaration").[2]

Cox asks the Court to exercise its inherent authority to strike the Declaration for the reasons set forth in this Memorandum.

### III. Argument

#### A. The Court has inherent authority to strike the Declaration.

"Federal District Courts have inherent power to control their docket, including the power to strike improper filings." *Aoki v. MobileHelp, LLC*, 2022 WL 972419, at *5 (D. Haw. Mar. 31, 2022) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010)). Courts in this district recognize that the "mere disagreement with a previous order is an insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (same); *Davis v. Abercrombie*, 2014 WL 2468348, at *3 n.4 (D. Haw. June 2, 2014) (same). Furthermore,

---

[2] David Cox describes Exhibit A as "a copy of The BitTorrent Protocol Specification" and Exhibit B as "an image that I think accurately represents the structure of the different tiers of network providers of Internet service." Declaration at ¶¶ 10, 26.

3

"reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged action." *Warren v. United States*, 2021 WL 6500155, at *1 (D. Haw. June 7, 2021) (Seabright, J.) (citing *Haw. Stevedores*, 363 F. Supp. 2d at 1269).

As detailed in Cox's concurrent response to the motion for reconsideration, because Petitioners merely disagree with the Court's Order, Petitioners do not provide a valid basis for reconsideration. And Petitioners should not be permitted to supplement the record with the belated Declaration because they could have "presented this [evidence]" for the Court's review "at the time of the challenged action"—i.e., when they filed their Objections to F&R on September 11, 2023. *E.g.*, *Haw. Stevedores*, 363 F. Supp. 2d at 1269; *accord Warren*, 2021 WL 6500155, at *1; *cf. Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)). These principles are especially important here considering Petitioners' intention to appeal the Court's Order. *See* Dkt. No. 32-1 at PageID.178 ("Petitioners intend to appeal the Order.").

  **B.** **The Court should exercise its inherent authority to strike the Declaration.**

Petitioners could have provided the Declaration evidence and made their arguments when they filed their Objections in September 2023. They may not now

attempt to use previously available evidence to reargue the decided issue of whether the Subpoena satisfied 17 U.S.C. § 512(c)(3)(A)'s notice requirement for purposes of infringement under § 512(d).

### 1. Petitioners rely on the Declaration to support arguments made in their initial Objections and raised again in their Reconsideration Brief.

Petitioners attempt to rely on the Declaration to support the Reconsideration Brief's arguments of legal and factual error in two main ways.

First, Petitioners' Reconsideration Brief argues that the Court erred when it disagreed with Petitioners' prior arguments based on null routing because the Order was "technically incorrect" in "conclu[ding] that null routing an IP address is the same as disabling access to a subscriber's account or terminating that account[.]" Reconsideration Brief at PageID.201; *see also id.* at 203. In support, Petitioners cite the Declaration's discussion of null routing. Reconsideration Brief at PageID.203.

Second, Petitioners' Reconsideration Brief asserts that the Court "failed to acknowledge other means on the record that ISPs such as Cox have for disabling access to the material (or link to the material) that is claimed to be infringing . . . such as port blocking and filtering." Reconsideration Brief at PageID.201. But Petitioners' only prior record reference to such "other means" was an irrelevant

argument (which the Court properly rejected[3]) that Cox's purported ability to filter emails, or block certain ports, meant that Cox "modified" material transmitted through its network. Dkt. No. 30 at PageID.146-47; *see* Order at PageID.172 (recognizing that because those functions did not require "modification" of content, they would not "remove Cox from the safe harbor in § 512(a)"). The Declaration purports to offer new evidence about "port blocking" and "filtering." Reconsideration Brief at PageID.205-206; *see* Dkt. No. 30 at PageID.146-47.

### 2. Petitioners' failure to present the Declaration when they filed their Objections precludes its introduction now.

Far from demonstrating any error by this Court, Petitioners' reliance on supplemental evidence shows that Petitioners could have "presented this [evidence]" for the Court's review "at the time of the challenged action"—i.e., when they filed their Objections in September 2023. *E.g.*, *Haw. Stevedores,* 363 F. Supp. 2d at 1269; *accord Warren*, 2021 WL 6500155, at *1; *cf. Kona Enters.*, 229 F.3d at 890. The Declaration is therefore inappropriate. *E.g.*, *Haw. Stevedores*, 363 F. Supp. 2d at 1269 ("[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged action.").

---

[3] The Order correctly noted port blocking and filtering did not require "modification" of content and so would not "remove Cox from the safe harbor in § 512(a)." Order at PageID.172; *see also* § 512(a)(5) (requiring, to qualify for § 512(a) safe harbor, that the material at issued be "transmitted through the system or network without modification of its content").

Petitioners had ample opportunity to present the new evidence offered in the Declaration about null routing and any other processes (like port blocking and filtering) when arguing in their Objections that § 512(d) applied to Cox. Objections at PageID.69. Their Objections already argued that "contrary to the F&R's conclusion that Cox can do nothing, Cox can disable access to the infringing material by, for example, null routing the assigned IP address." *Id.* at PageID.70. Petitioners then discussed null routing and quoted two resources that provided information about null routing. *Id.* at 70 & n.5, 73.[4] Petitioners also argued null routing in their Reply. *See* Dkt. No. 24 at PageID.124. Yet, despite ample opportunity, they never submitted to the Court the evidence about null routing that the Declaration now attempts to shoehorn into the record.

Likewise, Petitioners had ample opportunity to present the new evidence offered in the Declaration about port blocking and filtering, which Petitioners contend are "other means . . . to block access to infringing material or activity." Reconsideration Brief. at PageID.205; Declaration at ¶¶ 14-15. Putting aside that

---

[4] Petitioners' Objections included a quote from one of its cited resources, which described a "null route" as "effectively terminating a network connection . . . ." *Id.* (internal citations omitted). Thus, in its Order, the Court recognized that, "[a]s petitioners acknowledge, null routing effectively terminates a network connection." Order at PageID.169 (citing Doc. No. 10-1 at PageID.70). Remarkably, despite the fact that it conforms with their own prior briefing, Petitioners now take issue with the Court's reliance on Petitioners' own representations. *See* Reconsideration Brief at Page ID.201, 202 (arguing "[n]ull routing an IP address is not the same as terminating an account").

7

none of this evidence warrants a different conclusion (as discussed in Cox's concurrent response brief), Petitioners should have submitted what they believed to be evidence about these purported mechanisms when arguing in their Objection that Cox could implement tools to "disable access to [] infringing material." Objections at PageID.70. Yet they chose not to. Rather, they only specifically mentioned null routing as a possible means to disable access. Petitioners previously raised port blocking or filtering to argue that Cox *modified* content that was transmitted through Cox's system. *See id.*; Dkt. No. 30 at PageID.146-47. But the Court rejected that argument, Order at PageID.172, and it is too late for Petitioners to add evidence to the record.

Courts routinely strike supplemental evidence offered in the guise of a reconsideration motion, especially where the evidence could have been submitted before the court's original decision. One particularly instructive example is *Alvarez v. NBTY, Inc.*, 2020 WL 42767 (S.D. Cal. Jan. 3, 2020). There, the plaintiff moved for reconsideration of an order denying her motion for class certification. *Id.* at *1. In its original decision, the court analyzed a report from plaintiff's expert witness. *Id.* With its motion for reconsideration, the plaintiff submitted a new declaration from the expert, arguing it corrected what plaintiff suggested was the court's "misapprehension" of what the expert said. *Id*. The court struck the new declaration, explaining that "[i]t is improper to submit evidence as part of a motion for

8

reconsideration that could have been provided earlier in the litigation." *Id.* at *2.

Similarly, in *SmartGene, Inc. v. Advanced Biological Laboratories, SA*, the defendants asked the court to reconsider an order granting the plaintiff's motion for partial summary judgment. 915 F. Supp. 2d 69 (D.D.C. 2013). In support, the defendants submitted declarations and exhibits, "including materials not previously provided to the Court for consideration." *Id.* at 72. The court struck the supplemental material, explaining that there was no reason "the defendants should now be able to supplement the record in this case with evidence that could have been provided before this Court made its [decision]." *Id.*; *see also Lakewood Shores Homeowners Ass'n v. Con. Cas.*, 2019 WL 291661, at *1 (W.D. Wash. Jan. 23, 2019) (striking supplemental declaration filed in support of motion for reconsideration because it was "not a type of evidence which could not have been brought to [the court's] attention earlier with reasonable diligence." (internal quotation marks and citation omitted)).

The same reasoning that supported striking improper new evidence in *Alvarez, SmartGene*, and *Lakewood Shores* supports striking Petitioners' belated Declaration. Petitioners are using the Declaration to attempt to improperly supplement the record, despite ample opportunity to provide this evidence earlier. To the extent the Court interprets the Declaration as, in part, an attempt to *clarify* Petitioners' previous evidence on null routing, it is still inappropriate. *Alvarez*, 2020 WL 42767, at *2

9

(striking "clarifying" evidence offered in support of reconsideration motion, where the "clarification is not based on any new evidence or newly discovered arguments").

Substantially similar arguments apply to the two exhibits included within the Declaration, both of which have been available for over six years. On its face, Exhibit A was "Last Modified" on Saturday, February 4, 2017. Declaration at PageID.219. Though Exhibit B does not state on its face a creation or last modified date, the image URL (which appears at the bottom of the Exhibit) indicates that the image was created no later than June 4, 2013—almost a decade before Petitioners filed their Objections on September 11, 2023.[5] Accordingly, the exhibits could have been submitted with Petitioners' initial Objection, and neither exhibit appropriately supports Petitioners' Reconsideration Motion. As with the Declaration, the exhibits should be stricken from the record.

## IV. Conclusion

The Court should exercise its inherent authority to strike the Declaration and its accompanying exhibits because Petitioners could have presented the evidence before the Court's original decision on Petitioners' Objections, but they chose not to

---

[5] *See File:Internet Connectivity Distribution & Core.svg*, Wikimedia Commons, https://commons.wikimedia.org/wiki/File:Internet_Connectivity_Distribution_%26_Core.svg (last visited February 21, 2024). A copy of the image in Exhibit B appears on this webpage, and that image also links to the same URL that appears at the bottom of the Exhibit.

10

do so. Petitioners' attempt to supplement the record is especially inappropriate here, given Petitioners' stated intention to appeal the Order.

DATED: Honolulu, Hawai'i, February 28, 2024.

/s/ Abigail M. Holden
ABIGAIL M. HOLDEN
JOACHIM P. COX
JENNIFER A. GOLINVEAUX (*pro hac vice*)
THOMAS J. KEARNEY (*pro hac vice*)

Attorneys for
COXCOM LLC