CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena | **Case No.:** 1:23-cv-426-JMS-WRP (Copyright) |
| Internet subscribers of Cox Communications, LLC and CoxCom LLC | PETITIONERS' REPLY IN SUPPORT OF URGENT MOTION FOR STAY PENDING APPEAL; DECLARATION OF [REDACTED]; CERTIFICATE OF SERVICE |

**PETITIONERS' REPLY IN SUPPORT OF THEIR URGENT MOTION
FOR STAY PENDING APPEAL**

Pursuant to L.R. 7.2, Petitioners file their Reply to the Opposition [Doc. #37]

of Cox.

**I. Petitioners object to Cox's filings without first obtaining an order
granting it leave to intervene.**

20-023Ga

Petitioners object to Cox's submission of an opposition to their motion for a stay because Cox is not a party to these proceedings.  Nor has Cox filed a motion to intervene.  Cox served a response to the subpoena without any objections or reservations.  A nonparty has the earlier of the time specified for compliance or 14 days after the subpoena is served to make an objection. *See* Fed. R. Civ. P. 45(d)(2)(B); *see also In re DMCA § 512(h) Subpoena to Twitter, Inc.*, No. 20-mc-80214-DMR, 2021 U.S. Dist. LEXIS 247680, at *6 (N.D. Cal. Dec. 29, 2021) (applying Rule 45 to a motion to quash a DMCA subpoena). Generally, when a party or nonparty fails to timely object to "discovery efforts, the objections are deemed waived . . . even [if] a party had an objection to make." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) and holding that a party waived objection based on foreign secrecy laws because the party did not "raise the issue before the district court as an objection to [the other party's] discovery request").  Accordingly, Cox waived any opportunity to challenge the validity of the subpoena or otherwise oppose Petitioners' objections to the Magistrate Judge's Order.  Moreover, the motion to quash was filed by John Doe, not Cox or even by Cox stepping in the shoes of John Doe.  Nonetheless, because Petitioners withdrew their request for John

2

Doe's identification information, *see* Doc. #35-3, any limited interest Cox has in these proceedings evaporated. The Court invited Cox to give a declaration on the issue of whether it was a conduit. *See* Doc. #26. Cox did. *See* Doc. #27. Any role Cox had in this matter ended at that time.

**II. Cox fails to rebut Petitioners' argument that there is a substantial case for relief on the merits.**

Cox argues that Petitioners have failed to show a "strong likelihood of success". Opp. at p.3. But Cox fails to address the Ninth Circuit's clarification in *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) that a stay applicant can also succeed on this factor by showing a "fair prospect", "reasonable probability" or "a substantial case for relief on the merits" and balance of hardships in its favor. Per *Leiva-Perez*, "petitioners need not demonstrate that it is more likely than not that they will win on the merits". *Id.* at 966. For that reason alone, Cox's argument here fails. But Cox's specific points are also incorrect. First, Cox does not seriously dispute Petitioners' point that no Court has addressed the question of whether an IP address is an information location tool per 17 U.S.C. §512(d). And Cox's assertion that the case cited in FN4 of the Order addresses whether §512(h) subpoenas can be issued to §512(a) service providers is wrong.

Second, Cox's reliance on *United States v. Alisal Water Corp.*, 326 F. Supp. 1032, 1039 (N.D. Cal. 2004) in support of its argument that even a matter of first

impression is insufficient for a stay is misguided. The Defendants in *Alisal* did not

even argue that they were likely to succeed on the merits. *See id* at 1039. Moreover,

the principal reason the Court in *Alisal* denied the stay request was out of concern

that the substantial and expensive efforts the Court, the receiver, the bidders and the

public made to carry out the receivership order and would be wasted by derailing the

sales. *See id* at 1040. Such is not the case here. Moreover, *Alisal* was decided prior

to *Leiva-Perez*.

Cox also cites the unpublished decision *In re Ahern Rentals, Inc.*, 2013 WL

273403, *2 (D. Nev. Jan. 23, 2013) for the assertion that issues of first impression

support denying a stay. However, the issue in *Ahern Rentals* was not truly an issue

of first impression. Particularly, the Court noted that there was precedent from the

bankruptcy appellate panel decision of *In re Henry Mayo Newhall Mem'l Hosp.*, 282

B.R. 444, 448 (B.A.P. 9th Cir. 2002) on the issue. *See Ahern Rentals, Inc. v.*

*Goldman Sachs Palmetto State Credit Fund, L.P. (In re Ahern Rentals, Inc.)*, No.

3:12-CV-0676-LRH-VPC, 2013 U.S. Dist. LEXIS 9665, at *10 (D. Nev. Jan. 23,

2013). This was the principal reason the *Ahern Rentals* Court denied the stay.

**III. Cox fails to rebut Petitioners' assertion that they will be irreparably**

**harmed absent a stay.**

Cox argues that any harm to Petitioners can be cured by Cox maintaining the

customer identifications. However, Cox ignores the evidence its subscribers

20-023Ga

provided to Petitioners of the piracy websites they used from Cox's Internet service to pirate Petitioners' movies. If the Order is not suspended, Petitioners must destroy this evidence since it was derived from the subpoena. Cox does not have this information to preserve.

Cox accuses Petitioners of using information from the subpoena "to extract settlements and coerce statements from some of the identified individuals…". Opp., p.14. Petitioners take exception to Cox's inflammatory language. Nonetheless, absent the stay, Petitioners must destroy settlement agreements which are contracts mutually negotiated between them and certain Cox subscribers. Petitioners will not be able to comply with their contractual obligations with these subscribers because they will not even know with whom they settled after they destroy the agreements. And Petitioners could not get a redo by filing John Doe lawsuits against the subscribers with whom they settled as suggested by Cox. Filing such a lawsuit would breach the settlement agreements. Petitioners' inability to comply with their contractual obligations of the settlement agreements absent a stay further shows that the balance of hardships tips in their favor.

**IV.  Cox has not established that any other parties will be injured by the requested stay.**

20-023Ga

Cox states that it takes no position on this issue but argues that the other Cox subscribers besides John Doe have an interest[1].  But Cox's other subscribers besides John Doe were served notice of the subpoena but did not serve or file any objections.  Accordingly, Cox's argument fails.

Petitioners withdrew their request for John Doe's information.  *See* Doc. #35-3.  Accordingly, no parties will be injured if the Court grants Petitioners' proposed stay.  On the other hand, as discussed above, if Petitioners are forced to destroy the contractual settlement agreements with Cox subscribers, they will be unable to comply with their contractual obligations because they will not know with whom they contracted.  Thus, the Cox subscribers who are parties to the settlement agreements will suffer harm if a stay is not granted because they will not enjoy the full benefit of their release from liability.

**V.  Cox has not established that public interest does not support a stay.**

As stated above, Petitioners cannot file a John Doe lawsuit against subscribers with whom they have already settled and released from liability to obtain again the evidence against these piracy websites/platforms.  Thus, the public will suffer because Petitioners will not be able to seek legal relief against these websites to enforce their copyrights.  Cox argues in a footnote that it is "implausible" that

---

1 Cox's failure to assert that it will not even be injured by a stay further supports Petitioners' argument that Cox is not a party to this dispute because it responded to the subpoena without objections.  Accordingly, Cox's opinion on this issue is irrelevant.

Petitioners and/or their counsel did not know about the piracy website watchmovierulz because a *different party* filed a lawsuit against a website with a similar name in *a different district* – the Southern District of Florida ("SDFla"). *See* Opp., FN6.   Again, Petitioners take exception to Cox's use of inflammatory dog whistle language.  But the watchmovierulz website in the SDFla lawsuit referred to by Cox in its brief is "movierulz.stream" which is different from the website at issue here: "ww28.watchmovierulz.to".  *See* Decl. of [REDACTED][2].  Petitioners never argued that they did not know about the existence of the PirateBay website.

Cox also argues in FN6 that "it is not clear why Petitioners believe the Court's Order would preclude them from investigating and, if warranted, suing those websites going forward."  However, the Order clearly states that Petitioners must, "return and/or destroy *any information derived from the Subpoena…*".  Order, p.22. By the language of the Order, Petitioners must once again independently obtain knowledge of the piracy website to seek legal relief.  Else they would be using information derived from the subpoena.  Further, Cox's argument ignores the fact that Petitioners need strong evidence that a foreign piracy website (on the .to domain of the Kingdom of Tonga) purposefully directed its conduct at the US to firmly establish US jurisdiction.   That is, evidence that a US resident downloaded Petitioners' specific work from the website is such evidence.  This Court is familiar

---

2 Petitioners attach a redacted version of the subscribers' affidavit to rebut Cox's allegation of "implausible".

20-023Ga

with the challenges copyright holders have of establishing personal jurisdiction in the US over foreign piracy websites. *See, e.g.,* HB Prods., Inc. v. Faizan, 603 F. Supp. 3d 910, (D. Haw. 2022). Finally, the Court can take notice that the website ww28.watchmovierulz.to is gone. Accordingly, Petitioners cannot independently again obtain evidence of this website's infringements even if they tried.

Further, as argued above, the subscribers that are parties to the settlement agreements have an interest in ensuring that Petitioners comply with the contractual terms. The public also has an interest in enforcement of private agreements and settlement of litigation. *See, e.g., Kiddie Rides, Inc. v. Southland Eng'g, Inc.*, 361 F.2d 575, 578 (9th Cir. 1966) ("It is essential to society's commercial welfare that there be no undermining of the desirable stability of contracts")

## VI.    Conclusion.

Petitioners have shown a substantial case on the merits, and that the balance of hardships and public interest tip sharply in favor of a stay. Accordingly, the Court should grant Petitioners request for a stay.


DATED: Kailua-Kona, Hawaii, Feb. 28, 2024.

20-023Ga

CULPEPPER IP, LLLC


 /s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Petitioners

20-023Ga