
COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP
JOACHIM P. COX                  7520-0
   jcox@cfhawaii.com
ABIGAIL M. HOLDEN               8793-0
   aholden@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

WINSTON & STRAWN LLP
JENNIFER A. GOLINVEAUX (*pro hac vice*)
   JGolinveaux@winston.com
THOMAS J. KEARNEY (*pro hac vice*)
   TKearney@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:  (415) 591-1000

Attorneys for COXCOM LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| IN RE:<br><br>SUBPOENA OF INTERNET SUBSCRIBERS OF COX COMMUNICATIONS, LLC AND COXCOM LLC | CASE NO.: 1:23-cv-00426-JMS-WRP<br><br>COXCOM LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION OF DAVID COX [DKT. NO. 39]; CERTIFICATE OF SERVICE<br><br>Judge:  Honorable J. Michael Seabright |

## COXCOM LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DECLARATION OF DAVID COX [DKT. NO. 39]

Pursuant to the Court's Order, Dkt. No. 41, CoxCom LLC ("Cox") submits this Reply in support of its motion to strike the Declaration of David Cox, Dkt. No. 39 ("Motion").

## ARGUMENT

Petitioners' memorandum in opposition to the Motion (Dkt. No. 42, the "Response"), instead of providing cogent reasons to deny Cox's Motion, actually emphasizes why the Motion should be granted. Petitioners do not dispute that the Court has the inherent power to strike improperly filed declarations.[1] They do not dispute that reconsideration motions cannot be used to raise new arguments or evidence that were available at the time of the original briefing. And they have no meaningful rebuttal to Cox's showing that the evidence in David Cox's declaration (Dkt. No. 35-2, the "Declaration") could have been presented before the Court's original decision. This Court should thus grant the Motion and exercise its inherent authority to strike the Declaration.

---

[1] *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (reaffirming district courts' inherent power to strike improperly filed documents).

AmericasActive:19664435.9

### A. Petitioners Fail to Meaningfully Address the Legal Basis for Cox's Motion.

Petitioners never squarely address the legal basis underlying Cox's Motion: "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *accord Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."). Petitioners' only response is that neither *Kona* nor *Hawaii Stevedores* "involved a motion to strike." Response at PageID.317–18. But that is beside the point—those cases stand for the proposition that the Declaration is inappropriate to support Petitioners' motion for reconsideration.

Petitioners briefly contend that the Declaration is appropriate because it addresses the Court's supposed "mistake" of "considering terminating a connection by null routing the same as terminating service." Response at PageID.315. As Cox has already pointed out (but Petitioners ignore), this is a straw man argument: the Court said no such thing. *See* Dkt. No. 38 at PageID.264–65. Rather, the Court carefully analyzed the DMCA and drew out the statute's principled distinction between "disabling access to infringing material"—which is all that § 512(d) requires a service provider to do in response to a notice of claimed infringement—

3

and *other* remedies such as "disabling access to a subscriber's account." Dkt. No. 31 at PageID.169. As the Court pointed out, there is no dispute that "null routing effectively terminates a network connection," and that this is "a harsher remedy than the DMCA authorizes" under § 512(d). *See id.* Indeed, it was **Petitioners' own brief** that characterized null routing—accurately—as effectively terminating a connection. *See* Dkt. No. 10-1 at PageID.70 n.5 (describing "[n]ull routing, which is also called black hole routing," as "effectively terminating a network connection" by assigning a subscriber to "a network route that goes nowhere").

In any event, Petitioners already had ample opportunity to advance any evidence and arguments about null routing—including those in the Declaration—to support their Objections. And the Response offers no reason why the Court should accept supplemental evidence about an issue that was already argued and decided. "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments. Reconsideration motions do not give parties a 'second bite at the apple.'" *Ausmus v. Lexington Ins. Co.*, 2009 WL 2058549, at *1 (S.D. Cal. July 15, 2009), *aff'd*, 414 F. App'x 76 (9th Cir. 2011).

*Alvarez v. NBTY Inc.*, 2020 WL 42767 (S.D. Cal. Jan. 3, 2020) is instructive. In *Alvarez*, as here, a party sought reconsideration and filed a declaration from an expert in support of its motion. *Id.* at *1. As here, the supplemental declaration

4

included new information the party seeking reconsideration could have provided before the court's original decision. *Id.* at *2. And as here, the party seeking reconsideration argued the declaration was appropriate because it offered information that corrected the court's supposed misunderstanding of evidence in the record. *See id.* at *1. The result here should thus be the same—the Declaration should be stricken.

Petitioners' perfunctory argument that *Alvarez* is materially distinguishable because the declaration there was from an expert who provided a previous declaration (Response at PageID.315–16) is baseless. The operative rule from *Alvarez* is that it is "improper to submit evidence as part of a motion for reconsideration that could have been provided earlier in the litigation." *Id.* at *2. That rule applies the same whether that new evidence is a second expert declaration seeking to "clarify" an initial report (as in *Alvarez*) or a declaration that purports to clarify and supplement previous representations in the record (as here). Both maneuvers are improper. *See, e.g.*, *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022) ("Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling."

(citing *Kona*, 229 F.3d at 890)).[2] Petitioners' attempt to supplement the record in this way should not be permitted.[3]

 Similarly, Petitioners' Response does nothing to counter Cox's showing that the Declaration offers new (but not newly available) information about port blocking and filtering. Petitioners attempt to use this new information to advance arguments in their motion for reconsideration that they never made before this Court's original decision. Response at PageID.319 (admitting previous mentions of port blocking and filtering in the record related only to questions about 17 U.S.C. § 512(a), and not § 512(d)); *see* Dkt. No. 35-1 at PageID.205–06 (arguing for the first time that port blocking and filtering are mechanisms that should subject Cox to treatment under § 512(d)). This is improper—"[r]econsideration motions may not be used to raise new arguments. . . ." *Berman*, 30 F.4th at 858.

---

[2] *See also Lakewood Shores Homeowners Ass'n v. Con. Cas.*, 2019 WL 291661, at *1 (W.D. Wash. Jan. 23, 2019) (striking supplemental declaration filed in support of a motion for reconsideration because it was "not a type of evidence which could not have been brought to [the court's] attention earlier with reasonable diligence") (internal quotation marks and citation omitted).

[3] The Response dismisses *Aoki v. MobileHelp, LLC*, 2022 WL 972419 (D. Haw. Mar. 31, 2022), because it involved "the Court str[iking] exhibits Plaintiff attached to a *reply brief* . . . [whereas] [h]ere, Petitioners included the declaration in their *opening brief*." Response at PageID.316 (emphasis in original). That is a distinction without a difference. The important rule from *Aoki* is that courts "have inherent power to control their docket, including the power to strike improper filings." *Aoki*, 2022 WL 972419, at *5 (citing *Ready Transp., Inc.*, 627 F.3d at 404-05).

The same arguments apply to the Declaration's two exhibits. Petitioners do not dispute that the exhibits could have been submitted with their initial Objections. And Petitioners improperly attempt to use the exhibits to (1) relitigate issues the Court already considered and decided (on null routing), or (2) advance arguments for the first time on reconsideration (on port blocking and filtering). Response at PageID.318–19. Like the Declaration, the exhibits are improper and should be stricken.

**B.      The Response Identifies No Legal Basis to Deny Cox's Motion.**

Petitioners' authorities also fail to support their position.

Petitioners begin with an incorrect legal standard, citing *United States ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038 (C.D. Cal. 2012), for the proposition that filings cannot be stricken unless they "have no possible bearing on the subject matter of the litigation." Response at PageID.314. But *Ruhe* is about motions to strike *pleadings* and/or attachments thereto as "scandalous and impertinent" under Rule 12(f). *Ruhe*, 929 F. Supp. 2d at 1038. Petitioners' other authority, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014), is another Rule 12(f) case. These cases say nothing about the standard for striking inappropriate *evidentiary materials* filed in support of a motion—a fundamentally different question and procedural posture. The law in *this* context is clear: courts have the "inherent power to control their docket, including the power to strike

7

improper filings." *Aoki*, 2022 WL 972419, at *5 (citing *Ready Transp. Inc.*, 627 F.3d at 404–05).

Petitioners' reliance on *Savetsky v. Pre-Paid Legal Services*, 2015 WL 1925624 (N.D. Cal. Apr. 28, 2015), and *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983), is also misplaced. In those cases, the moving parties did not just ask to strike improperly filed evidence—they sought to strike motions for reconsideration themselves.[4] Cox has not asked the Court to strike Petitioners' motion for reconsideration, just the improperly filed Declaration. This is appropriate, narrowly tailored relief. Striking the Declaration would not insulate the Court from appellate review if it denied Petitioners' motion for reconsideration—the motion would remain on the record and available for appeal if desired. *See Sidney-Vinstein*, 697 F.2d at 883 (recognizing that an order denying a motion for reconsideration may be appealed). Rather, striking the Declaration ensures Petitioners' motion is fairly decided, based on appropriate facts and argument, according to well-established rules governing motions for reconsideration. *See, e.g.*, *Kona*, 229 F.3d at 890.

---

[4] *Sidney-Vinstein*, 697 F.2d at 885 ("The trial court here not only denied the plaintiff's motion [for reconsideration] but also granted the defendant's motion to strike the motion."); *Savetsky*, 2015 WL 1925624, at *1 ("Savetsky argues the Court should strike LegalShield's motion for reconsideration and supporting declaration and exhibits . . . .").

8

*In re Plum Baby Food Litig.*, 2023 WL 3493319 (N.D. Cal. May 3, 2023), also does not support Petitioners' position. In *Plum*, the declaration was permissible because it provided "general background" about the FDA, which was relevant to arguments that FDA-related "changes in fact and law" supported reconsideration. *Id.* at *1, *2. Petitioners here do not seek reconsideration based on alleged changes of fact or law. Quite the contrary, they seek to relitigate issues this Court has already decided with new (but previously available) evidence.

    C.    **Petitioners' Remaining Arguments Are Meritless.**

Petitioners' argument that Cox lacks standing to "intervene" in this case is a non-sequitur. Cox does not need to "intervene"—it is the target of the subpoena. It plainly has an interest in the outcome of these proceedings—they relate to a subpoena issued *as to Cox* and the nature of *Cox'*s business. Indeed, Cox became involved in this dispute because it needed to correct statements Petitioners made about Cox's business. Further, Petitioners are seeking to avoid the Court's quashing of that subpoena by asserting that *Cox* is subject to § 512(d) of the DMCA—based on factual assertions *about Cox* that are false. If the Court's Order stands, then Petitioners have an obligation to return or destroy information *from Cox*. If, instead, Petitioners are successful, then *Cox* will be subject to a legally binding subpoena. Not to mention, the Court *ordered* Cox's participation here. Dkt. No. 26 ("Order Requesting Supplemental Evidence"); Dkt. No. 36 (ordering that "an

9

Opposition/Response be filed to the Motion for Reconsideration"). The notion that Cox cannot participate in these proceedings is nonsensical.

## CONCLUSION

The Response fails to identify a factual or legal basis to deny Cox's Motion. Cox respectfully asks the Court to exercise its inherent authority to strike the Declaration and its accompanying exhibits because Petitioners could have presented the evidence before the Court's original decision on Petitioners' Objections, but they chose not to do so.

DATED: Honolulu, Hawai'i, March 21, 2024

/s/ *Abigail M. Holden*
JOACHIM P. COX
ABIGAIL M. HOLDEN
JENNIFER A. GOLINVEAUX (*pro hac vice*)
THOMAS J. KEARNEY (*pro hac vice*)

Attorneys for
COXCOM LLC

10