CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Petitioners
Voltage Holdings, LLC
Millennium Funding, Inc., and
Capstone Studios Corp.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re Subpoena<br><br>Internet subscribers of Cox Communications, LLC and CoxCom LLC | Case No.: 1:23-cv-00426-JMS-WRP<br>(Copyright)<br><br>MEMORANDUM IN SUPPORT OF PETITIONERS' MOTION TO SUPPLEMENT RECORD FOR APPEAL |

**MEMORANDUM IN SUPPORT OF PETITIONERS' MOTION TO
SUPPLEMENT RECORD FOR APPEAL**

Petitioners Voltage Holdings, LLC; Millennium Funding, Inc.; and Capstone Studios Corp., by and through their attorney, Kerry S. Culpepper, motion to supplement the record to include the invoice shown in Exhibit "1" for appeal. The Motion is made pursuant to Fed. R. App. P. 10(e)(1) and (2) and this Court's inherent authority.

1

**I.  Relevant Factual Background**

This contested matter concerns Petitioners attempt to enforce a subpoena issued under 17 U.S.C. §512(h) to identify the names of subscribers whose Cox Internet service was used to share pirated copies of Petitioners' copyright protected movies.  *See* Doc. #1.

On April 26, 2024, the Court issued an Order [Doc. #44] denying Petitioner' motion for Reconsideration.[1]   In FN3 of the Order, the Court stated:

> It also appears that Cox stands to incur new costs or obligations if the court were to adopt Petitioners' construction of § 512(d) (because it would then be subject to § 512(h) subpoenas seeking the identities of P2P infringers).

Order, FN3 at p.7.

**II.  Legal Standard**

Fed. R. App. P. 10(e)(1) provides:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

Fed. R. App. P. 10(e)(2) provides:

> (1) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be

---

[1] Petitioners' counsel destroyed the electronic file received from Cox containing the names and addresses of individuals using the IP addresses in compliance with the Order on or about April 27, 2024.

certified and forwarded:

> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

### III. Argument

The Order states that Cox would incur "new costs" if the Court were to adopt Petitioners' construction. Order [Doc. #44] at FN3. However, in these proceedings, Cox required Petitioners to prepay its costs *before* it responded to the subpoena. Accordingly, Petitioners respectfully submit that for the record to truly disclose what occurred in the district court – namely that Cox detailed the costs it would incur in responding to the subpoena and required Petitioners to prepay the costs before responding – the record should be supplemented with the invoice shown in Exhibit "1" per Fed. R. App. P. 10(e)(1). Notably, Cox did not argue that it had standing to oppose Petitioners' motion for reconsideration based upon purported costs.

Alternatively, Petitioners request that the Court grant leave for them to supplement the record with Exhibit "1" per Fed. R. App. P. 10(e)(2) because omission of the invoice was an error to the extent the argument that Cox would incur costs was implicitly made. The invoice is certainly material because it establishes that Cox did not incur costs complying with Petitioners' subpoena.

Finally, the Court can also grant leave to supplement the record pursuant to

3

this Court's inherent authority since Petitioners have not yet filed the notice of appeal. It is well established that District Courts have inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Among these is the power to supplement the records. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (quoting *Dickerson v. Alabama*, 667 F.2d 1364, 1366-68 & n.5 (11th Cir. 1982) and noting that the appellate court had the inherent authority to supplement the record).

WHEREFORE, Petitioners pray that this Court grant their motion and modify the record to include Exhibit "1" in the record for appeal.

DATED: Kailua-Kona, Hawaii, June 4, 2024.

                        CULPEPPER IP, LLLC

                        /s/ Kerry S. Culpepper
                        Kerry S. Culpepper

                        Attorney for Petitioners