IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | CIV. NO. 23-00426 JMS-WRP |
| SUBPOENA OF INTERNET SUBSCRIBERS OF COX COMMUNICATIONS, LLC AND COXCOM LLC. | ORDER DENYING PETITIONERS' MOTION TO SUPPLEMENT RECORD FOR APPEAL, ECF NO. 48 |

## ORDER DENYING PETITIONERS' MOTION TO SUPPLEMENT RECORD FOR APPEAL, ECF NO. 48

Before the court is Petitioners' Motion to Supplement Record for Appeal under Federal Rule of Appellate Procedure ("FRAP") 10(e). For the reasons to follow, the court DENIES Petitioners' Motion.

Petitioners cite FRAP 10, titled "The Record on Appeal," which reads in relevant part:

> (e) Correction or Modification of the Record.
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission

or misstatement may be corrected and a supplemental
record may be certified and forwarded:

> (A) on stipulation of the parties;
> (B) by the district court before or after the record
> has been forwarded; or
> (C) by the court of appeals.

FRAP 10(e) allows "[c]orrection or [m]odification" of the record on
appeal if it does not accurately reflect the proceedings before the district court, or if
materials have been mistakenly omitted.  It cannot be used "to add to or enlarge the
record on appeal to include material which was not before the district court."
*United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979); *see also United
States v. Litwin*, 972 F.3d 1155, 1173–74 (9th Cir. 2020) (same) (citing *United
States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993) ("The district court may not
use [FRAP] 10(e) to supplement the record with material not introduced or with
findings not made.")).

Preliminarily, FRAP 10(e) appears to be inapplicable on its face—
Petitioners have not yet filed a notice of appeal, so there is no record "on appeal"
to modify or correct.  In any event, Petitioners do not seek to correct or modify the
record, they seek to add a new document to the record that was not before the court
when it decided Petitioners' motions.[1]  Petitioners do not argue that their proposed

---

[1]  The document is submitted in support of Petitioners' argument that Cox has no
standing in this case, which this court squarely rejected.  ECF No. 44 at PageID.373–374.  It
(continued . . . )

exhibit was mistakenly omitted from the record or that it was ever submitted to this court for consideration.  Thus, FRAP 10(e) provides no authority for Petitioners' motion.  And for the same reason, the court will not use its inherent authority to supplement the record so that the appellate court can review a document that this court did not consider.  *See Kirshner v. United Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal.").  Petitioners' Motion is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 7, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In re: Subpoena of Internet Subscribers of Cox Communications, LLC and CoxCom, LLC*, Civ. No. 23-00426 JMS-WRP, Order Denying Petitioners' Motion to Supplement Record for Appeal, ECF No. 48

---

appears to be an invoice showing that Cox was prepaid for the costs of complying with the subpoena in this matter.  ECF No. 48-2.  It is intended to refute the court's reasoning that Cox has standing because "[i]t also appears that Cox stands to incur new costs or obligations if the court were to adopt Petitioners' construction of §512(d) . . . ."  ECF No. 44 at PageID.374.

A motion to supplement the record is an inappropriate vehicle to rehash arguments that have been rejected.  Nonetheless, to clarify, this holding refers to the costs and obligations that Cox *will incur* if the court adopts Petitioners' construction of 17 U.S.C. § 512(d) (i.e., if the court decides that § 512(d) applies to make internet service providers like Cox subject to § 512(h) subpoenas seeking the identities of P2P infringers).  ECF No. 44 at PageID.373–374.  That Cox was prepaid for the costs of compliance with this particular subpoena does not alter the fact that, if this court holds that Cox is generally subject to § 512(h) subpoenas for P2P infringement, Cox will incur new costs and obligations.  Thus, the proposed new exhibit would not be relevant to an appeal in any event.